Becker v. State



COURT OF APPEALS


EIGHTH DISTRICT OF TEXAS


EL PASO, TEXAS



JAMES BRENNAN,
)
 No. 08-03-00118-CR

)


 Appellant,
)
 Appeal from

)
 

v.
)
 168th District Court

)


THE STATE OF TEXAS,
)
 of El Paso County, Texas

)


 Appellee.
)
 (TC# 20010D00479)


MEMORANDUM OPINION



 James Brennan appeals from his conviction for possession of a controlled substance. We
dismiss the appeal on our own motion pursuant to Tex.R.App.P. 25.2(d). Further, we deny as moot
a motion to dismiss this appeal pursuant to Tex.R.App.P. 42.2(a).

 On March 25, 2003, the Clerk's Office informed Appellant that his notice of appeal failed
to comply with Tex.R.App.P. 25.2(d) because it did not contain the trial court's certification of the
defendant's right to appeal. The letter further notified Appellant that his appeal would be dismissed
if he failed to file an amended notice of appeal correcting the defect. Appellant has not amended his
notice of appeal. Instead, Appellant's attorney has filed a motion to dismiss the appeal pursuant to
Tex.R.App.P. 42.2(a) which provides that:

 (a) At any time before the appellate court's decision, the appellate court may dismiss
the appeal if the party that appealed withdraws its notice of appeal--by filing a written
withdrawal in duplicate with the appellate clerk, who must immediately send the
duplicate copy to the trial court clerk. An appellant must personally sign the written
withdrawal.

 Appellant has not signed the motion to dismiss as required by the rule because counsel has
been unable to locate him. The motion states that counsel initially filed the notice of appeal with the
intention of challenging a denial of a pretrial motion to suppress. Counsel has since learned that no
hearing was held on the motion to suppress and there is no adverse ruling to appeal. Without
Appellant's signature or a statement made in open court by Appellant that he no longer desires to
appeal, we are unable to grant the motion to dismiss pursuant to Rule 42.2(a). Rather than denying
the motion outright, we will deny it as moot because there is an independent ground for dismissal
of the appeal. Appellant's failure to comply with our request that he amend his notice of appeal to
include the trial court's certification of the defendant's right to appeal requires dismissal of the
appeal pursuant to Rule 25.2(d). See Tex.R.App.P. 25.2(d). The appeal is hereby dismissed.



June 26, 2003 

 ANN CRAWFORD McCLURE, Justice


Before Panel No. 2

Barajas, C.J., McClure, and Chew, JJ.


(Do Not Publish)